UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DANIEL PRAINO,

                Plaintiff,                Civil Action No.:

-against-                              **COMPLAINT**

PRUDENTIAL EQUITY GROUP, LLC and
PRUDENTIAL FINANCIAL, INC.,

                Defendants.
----------------------------------------------------------X

       Plaintiff Daniel Praino, by and through his attorneys, The Salvo Law Firm, P.C., for his Complaint, alleges as follows:

## INTRODUCTION

    1.    In this action, plaintiff Daniel Praino ("Plaintiff" or "Mr. Praino"), a former employee of Prudential Equity Group LLC ("PEG") – a wholly owned subsidiary of Prudential Financial Inc. ("PFI," and together with PEG, "Defendants") alleges that Defendants willfully failed to pay Plaintiff overtime and "spread of hours" pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law (the "NYLL"), the overtime wage order of the New York Commissioner of Labor, codified at 12 N.Y.C.R.R. §§ 142-2.2, 3.2 (the "Overtime Wage Order"), and the "spread of hours" wage order of the New York Commissioner of Labor, codified at 12 N.Y.C.R.R. §§ 142-2.4, 2.18, 3.16 (which requires an employer to pay an employee one hour's pay at the basic minimum hourly wage rate for any day in which the interval between the employee's start time and end time is 10 hours or more) (the "Spread of Hours Wage Order").

9. After June 6, 2007, certain employees continued to work for PEG to wind-down its operations.

10. Mr. Praino and other PEG employees were paid through August 14, 2007 even though they no longer performed services on behalf of PEG.

11. Mr. Praino worked for PEG as a Senior Trade Support Associate from in or about 2000 until his termination on August 14, 2007.

12. As a Senior Trade Support Associate, Plaintiff, *inter alia*, performed the following duties: the routine daily opening, closing and maintenance of PEG's Equity Trading Systems; updating additions, deletions and changes to the firm's Securities Data Base and trading system's; and assisting traders by making corrections on their behalf to errors in equity trades.

13. As acknowledged in an internal PEG document entitled "Prudential Compensation Plan, Compensation Statement – Effective January 1, 2004," Mr. Praino's position was non-exempt and, thus, he was entitled to overtime at the rate of one-and-a-half times his hourly rate for hours worked over 40 in a week under the FLSA and the NYLL.

14. While PEG paid Mr. Praino some overtime compensation, it did not pay all overtime compensation due to him.

15. Despite Defendants being aware of its obligations under the FLSA and NYLL, Ms. Donna Crisalli ("Ms. Crisalli") and Mr. Alec Martin ("Mr. Martin") – Mr. Praino's supervisors – directed Mr. Praino and his co-workers to always note on their time sheets that they took, <u>at a minimum</u>, a half-hour lunch time, even when Mr. Praino and his coworkers worked through lunch.

25. Defendants constitute enterprises within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

26. At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

27. Defendants intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

28. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

29. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE NYLL AND OVERTIME WAGE ORDER

30. Plaintiff repeats and realleges all the paragraphs above.

31. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

32. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

33. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE NYLL AND SPREAD OF HOURS WAGE ORDER

34. Plaintiff repeats and realleges all the paragraphs above.

35. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

36. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten in violation of the Spread of Hours Wage Order.

37. Defendants' failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

38. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, demand that judgment be entered in their favor as follows:

A. With respect to the First Cause of Action, grant judgment for Plaintiff and against Defendants for unpaid compensation and liquidated damages in an amount to be shown at trial;

B. With respect to the Second Cause of Action, grant judgment for Plaintiff and against Defendants for unpaid compensation and liquidated damages in an amount to be shown at trial;

C. With respect to the Third Cause of Action, grant judgment for Plaintiff and against Defendants for unpaid compensation and liquidated damages in an amount to be shown at trial;

D. Grant to Plaintiff his attorneys' fees, costs, disbursements, and interest; and

E. Grant such other relief as this Court deems just, equitable and proper.

Dated: Tarrytown, New York  
       December 27, 2007

THE SALVO LAW FIRM, P.C.

By: s/ *[signature]*  
CINDY D. SALVO, ESQ. (CS-8533)

303 South Broadway, Suite 222  
Tarrytown, New York 10591  
(914) 366-7466

*Attorneys for Plaintiff*

7